UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERICKA ELKINS, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Civil No. 9-582-P-H ) |
| WALTER ELKINS, et al., | ) ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

On March 22, 2010, the Court issued an order to show cause requiring plaintiff to show cause why Erich Elkins should not be dismissed as a defendant in this action because more than 120 days had elapsed since the complaint was first filed and Elkins had not yet been served. Pursuant to Federal Rule of Civil Procedure 4(m) Erika Elkins was required to show good cause for her failure to make service no later than April 5, 2010, failing which the complaint would be dismissed. On April 5, 2010, Elkins filed her response, indicating she had not had any contact with Erich Elkins for the last eight years, her last communication being on March 7, 2002. (Response OSC at 5, Doc. No. 67.) She indicated that her most recent searches, via Google, suggest that in 2010 her brother, the named defendant, may have been working for a Korean company.

In terms of efforts made to effectuate service, Erika Elkins indicates she asked her other brother, Walter Elkins, for assistance but that he has not provided her with a correct address for Erich. She also attached a copy of an e-mail chain dating from February/March 2002, apparently recording her last communication with Erich, a copy of an excerpt from Walter's deposition transcript from March 2005, indicating that Erich had a California address but spent most of his time in the Pacific Rim area, and finally, a copy of internet research relating to Erich Elkins

suggesting he holds a patent regarding a type of earset and has a connection with Seoul, Korea. Reviewing her submissions, I am not satisfied that Elkins's presentation meets the good cause standard and I recommend that the complaint be dismissed as to Erich for failure to make service.

## DISCUSSION

I note that, as a preliminary matter, Rule 4(m) by its own terms does not apply to service of an individual in a foreign country.  Thus, if Elkins had presented a scenario whereby she was frustrated by the intricacies of Korean law and had thus been unable to make service upon her brother, I would not be recommending dismissal under Rule 4(m).  However, Elkins has not made a showing of attempted service in a foreign country.  This is a case where her showing on the order to show cause simply offers no explanation for not having acted diligently in discovering defendant's current address.  See De-La-Cruz-Arroyo v. Comm'r of Social Sec., 215 F.3d 1311 (1st Cir. 1998) (unpublished) (citing Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022 (5th Cir. 1995)).  While Elkins laments the lack of contact since 2002, she recounts only three feeble attempts to locate Erich, i.e., an unsuccessful trip to his address in San Francisco in 2003, a question put to her other brother in 2005 at a deposition, and a 2010 internet search via Google.   Although Elkins suggests she discovered the name of a 2010 employer, she reveals no attempts at following through with this information in order to make service.

I do not recommend retaining Erich Elkins as a defendant in this action in order to give the plaintiff additional time to make service, because her actions to date have not shown that she has acted diligently in attempting to locate her brother.  While the evidence suggests he may maintain a residence in California, she has not attempted to locate that address through any of the traditional state locator services.  She indicates in her response that she is aware that her brother

has a child in the Philippines but she does not indicate any attempt to contact him through that connection. Finally, there is no suggestion that she has diligently pursued the employment related information that is available to her. Based upon all of these reasons, I recommend that Erich Elkins be dismissed without prejudice because of failure to make timely service.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 13, 2010