UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ERIKA ELKINS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civ. No. 09-582-P-H |
| | ) | |
| WALTER ELKINS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTIONS
TO DISMISS (Doc. Nos. 58, 93 & 94)**

These motions represent the last round of early dispositive motions filed by defendants in this action. The present movants include John Rains, III, Esq., counsel of record for Walter and Kathryn Elkins in the Florida litigation, Elihu Berman, counsel of record for Erika Elkins in the Florida litigation, and Bernard and Jennifer Raad, the ex-husband of Erika Elkins and his current wife. These motions do not raise any new issues, but parrot the arguments of other defendants on a variety of issues including lack of personal jurisdiction, the pendency of the bankruptcy proceeding, and the complaint's failure to state a claim. Because of early procedural missteps in the case, the motions were not allowed on the docket until May 10, 2010, when I entered an order on various default related motions. (See Order at Doc. No. 92.) At that point in time I directed that these motions to dismiss be treated as pending motions and that Erika Elkins had until June 1, 2010, to respond to the motions. Erika Elkins has not filed a substantive response to any of these three motions and, accordingly, I recommend that the court grant these motions for the reasons given in earlier recommended decisions addressing the identical issues as raised by other defendants.

Since the May 10 substantive Order relating to the various default motions connected with Rains, Berman, and the Raads, Erika Elkins has filed one pleading, her "Reply to Default Orders" (Doc. No. 98), that appears to relate to these four defendants. It provides no opposition to the substantive arguments raised in their motions to dismiss. My May 10 Order struck the defaults previously entered against the Raads and allowed the late motions of Rains and Berman as well as the Raads, against whom the clerk had not yet entered default. Because Elkins has presented no substantive arguments on the motions to dismiss, the defendants are entitled to have those motions granted pursuant to Rule 7(b) of the District of Maine Local Rules, and Elkins is deemed to have waived objection to the granting of these motions. NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8-9 (1st Cir. 2002). Accordingly, I recommend the Court grant all three motions to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Date: June 7, 2010